UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| ROBERT OSBORN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21-cv-04203-SLD-JEH |
| ) | |
| REGIONS COMMERCIAL ROOFING, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

ORDER

Before the Court is Defendant Regions Commercial Roofing, Inc.'s Motion to Dismiss Count I of Plaintiff's Complaint, ECF No. 4. For the following reasons, the motion is GRANTED.

**BACKGROUND**[1]

Plaintiff Robert Osborn is a sales representative in the business of procuring roofing contracts on behalf of roofing companies. He receives a commission from the roofing companies for each roofing contract he secures; he is considered an independent contractor. Defendant, a roofing company, contracted with Plaintiff to procure roofing contracts in the Quad Cities area. Plaintiff was able to secure contracts for a number of jobs; however, Defendant failed to pay the full amount of his commission for these jobs. The contract between Plaintiff and Defendant was subsequently terminated.

Plaintiff brought suit against Defendant in Illinois state court on October 6, 2021. Compl., ECF No. 1-1 at 1–4. Defendant removed the action to federal court on November 29,

---

[1] At the motion to dismiss stage, the court "accept[s] as true all well-pleaded facts in the complaint, and draw[s] all reasonable inferences in [the plaintiff's] favor." *Pierce v. Zoetis, Inc*., 818 F.3d 274, 277 (7th Cir. 2016). Thus, the factual background is drawn from the complaint, ECF No. 1-1 at 1–4.

1

2021. Not. Removal, ECF No. 1.[2] Plaintiff brings claims for breach of the Illinois Sales Representative Act, 820 ILCS 120/0.01–3 (Count I), and, in the alternative, for breach of contract (Count II). Compl. 1–4. Defendant now moves to dismiss Count I for failure to state a claim. Mot. Dismiss 1.

## DISCUSSION

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations are unnecessary, the complaint must have 'enough facts to state a claim to relief that is plausible on its face.'" *Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must take "[t]he complaint's well-pleaded factual allegations, though not its legal conclusions, . . . [as] true," *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019 (7th Cir. 2013), and "draw all inferences in the light most favorable to the nonmoving party," *Vesely v. Armslist LLC*, 762 F.3d 661, 664 (7th Cir. 2014).

Defendant argues that Plaintiff does not state a claim under the Illinois Sales Representative Act (the "Act") because the Act applies only to the distribution of *products* for sale, not services, which is what Plaintiff sold on behalf of Defendant here. Mem. Supp. Mot. Dismiss 2–5, ECF No. 4-1. Plaintiff concedes that he has failed to plead all of the elements required to state a claim under the Act but asks for leave to amend the complaint to re-plead Count I. Resp. 1, ECF No. 6.

---

[2] The Court has jurisdiction over this case on the basis of diversity. *See* Not. Removal 1–2 (stating that the parties are citizens of different states and reasonably alleging that the amount in controversy exceeds $75,000.00).

The Court agrees that Plaintiff has failed to state a claim under the Act.  820 ILCS 120/2 provides that "[a]ll commissions due at the time of termination of a contract between a sales representative and principal shall be paid within 13 days of termination, and commissions that become due after termination shall be paid within 13 days of the date on which such commissions become due."  "Principal" is defined as a business entity that "[m]anufactures, produces, imports, or distributes a product for sale" and "[c]ontracts with a sales representative to solicit orders for the product" in exchange for a commission.  *Id*. § 120/1(3).  Illinois courts have clarified that the use of the word "product" is "evidence of the legislature's clear intent that the Act apply only to purveyors of tangible goods, not services."  *Johnson v. Safeguard Constr. Co.*, 3 N.E.3d 879, 881–83 (Ill. App. Ct. 2013) (quotation marks omitted) (finding that "the main purpose of the contracts that [the plaintiff] solicited from homeowners was to provide *repair services* to their damaged homes, and any tangible goods associated with the repair work were merely incidental to the services provided" and thus that the Act did not apply); *see also English Co. v. Nw. Envirocon, Inc.*, 663 N.E.2d 448, 454 (Ill. App. Ct. 1996) (noting that "if the legislature had intended the Act to apply to services, it could have easily employed broader language").

In the complaint, Plaintiff claims that he was tasked with "procuring roofing contracts" and that he would receive his commission when "each job [was] completed."  Compl. 1.  The clear implication is that these "jobs" were for roofing services to be performed at each address; there is no mention of any products that Plaintiff was selling on behalf of Defendant.  *See English Co*., 663 N.E.2d at 453–54 (distinguishing between the sale of services, for which the provider would "ha[ve] to go to the client's place of business and spend a large amount of time performing [the service]," and the sale of goods, for which the provider "would instead simply

3

ship [the product] to the client"). Thus, as Plaintiff alleges that he sold services on behalf of Defendant, and in the absence of any indication that he also sold tangible products for Defendant, Defendant is not a "principal" under the Act and cannot be held liable under the Act for failing to pay commissions to Plaintiff.[3] Moreover, Plaintiff has conceded that he has failed to allege a claim under the Act. Resp. 1. As such, the Court grants Defendant's motion to dismiss Count I of the complaint.

The only question remaining is whether Plaintiff should be given leave to replead Count I. "The court should freely give leave [to file an amended complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). While "[a] district court may deny [such] leave . . . in the case of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies . . . , undue prejudice to the opposing party . . . , [and] futility of amendment[,] . . . . such denials are disfavored." *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (sixth alteration in original) (quotation marks omitted). If all Plaintiff did for Defendant was secure contracts for roofing services, it is doubtful that he could successfully re-plead a claim for violation of the Act. However, if Plaintiff is able to add allegations regarding the sale of tangible products, making Defendant a principal under the Act, he may be able to state a claim. As such, the Court cannot say at this point that amendment would be entirely futile. Nor do undue delay, bad faith, prejudice to Defendant, or any other reason counsel against granting Plaintiff leave to amend. The Court will therefore give Plaintiff a chance to re-plead Count I.

---

[3] While Plaintiff asserts that he "is a sales representative and Defendant is a principal under the meaning of [the] Act," Compl. 3, this statement is conclusory, and thus the Court need not accept it as true. *See Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

## CONCLUSION

For the foregoing reasons, Defendant Regions Commercial Roofing, Inc.'s Motion to Dismiss Count I of Plaintiff's Complaint, ECF No. 4, is GRANTED.  Count I is dismissed; Count II remains pending.  Plaintiff Robert Osborn may file an amended complaint within twenty-one days of entry of this Order.

Entered this 25th day of April, 2022.

                                                          s/ Sara Darrow
                                                          SARA DARROW
                                         CHIEF UNITED STATES DISTRICT JUDGE